**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Jorge Daniel Jimenéz Blancarte,

                  Petitioner.     Case No. 19-13189

v.                                      Judith E. Levy
                                        United States District Judge
Luna Elizabeth Ponce Santamaria,
                                        Mag. Judge David R. Grand
                  Respondent.

_____/

**AMENDED OPINION AND ORDER GRANTING PETITIONER'S**
***EX PARTE* MOTION FOR EMERGENCY EQUITIBLE RELIEF [2]**

This is an international child abduction case brought under the Hague Convention and its implementing statutes, the International Child Abduction Remedies Act (ICARA). 42 U.S.C. §§ 11601-11611. Petitioner alleges that in January 2019, Petitioner's spouse removed their two daughters from Mexico to the United States. On October 30, 2019, Petitioner filed a Complaint for Immediate Return of Children Per Hague Convention. (ECF No. 1.) Also on October 30, Petitioner filed a Motion to Expedite Review and Issue *Ex Parte Order*. (ECF No. 2.) On

November 1, 2019, the Court held an *ex parte* hearing on Petitioner's motion.

The Court finds that *ex parte* emergency relief is necessary in this case. Requests for emergency *ex parte* relief are subject to the standards governing motions for temporary restraining orders. Fed. R. Civ. Proc. 65(b). The Court is to balance four factors: 1) whether the movant has a strong likelihood of success on the merits; 2) whether the movant would suffer irreparable injury absent a TRO; 3) whether granting the TRO would cause substantial harm to others; and 4) whether the public interest would be served by granting the TRO. *Coalition for Homeless & Serv. Emps. Int'l Union v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006).

Petitioner has demonstrated a strong likelihood of success on the merits. Under Article 3 of the Hague Convention, removal of a child is wrongful (and return required) where:

a) It is in breach of rights of custody attributed to a person, an institution or any other body, either jointly or alone, under the law of the State in which the child was habitually resident immediately before the removal of retention; and
b) At the time of removal or retention those rights were actually exercised, either jointly or alone, or would have been so exercised but for the removal or retention.

2

Hague Convention on the Civil Aspects of International Child Abduction, Article 3, Oct. 25, 1980, T.I.A.S. No. 11670, 1343 U.N.T.S. 89 ("Hague Child Abduction Convention"). 42 U.S.C. § 11603(e) provides the petitioner must successfully prove a prima facie case by the preponderance of the evidence. Petitioner has shown that prior to removal, his children were habitually resident in Mexico. Petitioner has provided the Court with evidence that under the laws of Mexico, Petitioner had custody rights over his children, and that at the time of removal, Petitioner was exercising those rights.

Petitioner has demonstrated that he would suffer irreparable injury absent this Court granting an emergency order. Petitioner has provided evidence that Respondent and their children are flight risks. Petitioner alleges that Respondent is not cooperating with courts in Mexico. Petitioner alleges that Respondent is in possession of her passport and the passports of Petitioner and Respondent's children. This Court has previously found that risk of flight is sufficient to constitute irreparable injury in this context, and it does so again today. *See Neumann v. Neumann*, No. 15-CV-11995, 2015 WL 13036943 (E.D. Mich. June 3, 2015).

Granting emergency relief will not pose any likelihood of harm to others. Additionally, granting this relief—thereby ensuring Respondent's presence at an upcoming hearing on preliminary injunction—will advance the public interest by furthering the principles underlying the Hague Convention. As the Sixth Circuit has explained, the Hague Convention requires "not only expeditious action by courts under article 11, ... but use of 'the most expeditious procedures available.'" *March v. Levine*, 249 F.3d 462, 474 (6th Cir. 2001) (citing Article 2 of the Hague Convention).

For the reasons above and for those stated on the record, the Court orders the following:

Respondent is ORDERED to attend a hearing on Petitioner's complaint for a preliminary injunction on <u>Thursday, November 7, at 2:00 PM</u> at the Ann Arbor Federal Courthouse, located at 200 E Liberty Street, Ann Arbor, MI 48104.

Respondent is ORDERED to remain within the Eastern District of Michigan. Respondent is ORDERED to ensure that her two children, DANIELA LIZETH JIMENÉZ PONCE and ANA VIOLETA JIMENÉZ PONCE, remain within the Eastern District of Michigan.

Respondent is ORDERED to surrender her passport and the passports of her two children, DANIELA LIZETH JIMENÉZ PONCE and ANA VIOLETA JIMENÉZ PONCE, to the U.S. Marshal.

It is ORDERED that the U.S. Marshal serve a copy through personal service of the complaint, summons, and this order upon Respondent without payment of the usual costs for such service. At the time of service, the U.S. Marshal is ORDERED to take possession of Respondent's passport and the passports of her two children, DANIELA LIZETH JIMENÉZ PONCE and ANA VIOLETA JIMENÉZ PONCE. Personal service may be effected at Respondent's address, 23640 Chipmunk Trail, Novi, MI 48375, Respondent's place of work, Yanfeng Automotive Interiors, 41935 West 12 Mile Road, Novi, MI 48377 or 7009 West Mount Hope Road, Lansing, MI 48917, or any other place where Respondent may be found.

It is ORDERED that Novi Community School District, 25345 Taft Road, Novi, MI 48734 and Novi Woods Elementary, 25195 Taft Road, Novi, MI 48374 inform the Court if DANIELA LIZETH JIMENÉZ PONCE and ANA VIOLETA JIMENÉZ PONCE do not appear at school as anticipated.

Petitioner is ORDERED to provide Novi Community School District and Novi Woods Elementary with a copy of this order.

IT IS SO ORDERED.

| | |
|---|---|
| Dated: November 4, 2019<br>Ann Arbor, Michigan | s/Judith E. Levy<br>JUDITH E. LEVY<br>United States District Judge |

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 4, 2019.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager
