# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Jorge Daniel Jimenéz Blancarte,

                Petitioner.      Case No. 19-13189

v.                                        Judith E. Levy
                                            United States District Judge

Luna Elizabeth Ponce Santamaria,

                                            Mag. Judge David R. Grand

                Respondent.

_____/

## AMENDED OPINION AND ORDER GRANTING PETITIONER'S RENEWED *EX PARTE* MOTION FOR EMERGENCY EQUITIBLE RELIEF [7]

This is an international child abduction case brought under the Hague Convention and its implementing statutes, the International Child Abduction Remedies Act (ICARA). 42 U.S.C. §§ 11601-11611. On November 1, 2019, the Court granted emergency equitable relief ordering the U.S. Marshals to effectuate service on the Respondent, ordering Respondent to surrender her passport and the passports of her minor children, and ordering the parties to appear at a November 5, 2019 preliminary injunction hearing. (ECF No. 5.) On November 4, 2019, the U.S. Marshals were unable to effectuate service at the

address given. The Court amended its November 1 order, resetting the preliminary injunction hearing for November 7, 2019. (ECF No. 6.) Petitioner then moved to renew his request for emergency injunctive relief to take custody of his daughters. (ECF No. 7.) On November 5, 2019, the Court held a hearing on Petitioner's renewed motion. At that hearing, the Court heard sworn testimony from Petitioner.

The Court finds that additional *ex parte* emergency relief is necessary in this case to prevent the irreparable injury that would result from the children leaving this jurisdiction. The Court granted Petitioner's initial motion for *ex parte* emergency relief because it found that Respondent and her minor children were flight risks. (ECF No. 5, PageID.56.) In Petitioner's renewed motion, he alleges that a private investigator was unable to locate Respondent or her children at any known address on November 2 or 3, 2019. (ECF No. 7, PageID.67.) On November 4, 2019, the Novi School District refused to inform Petitioner as to whether the children attended school that day as anticipated. *Id.* Petitioner alleges that Respondent inquired through her lawyers in divorce proceedings in Mexico whether she could move to China, which

is not a signatory to the Hague Convention. *Id.* Additionally, a child kidnapping criminal case is now open against Respondent in Mexico. *Id.*

Balancing the four factors for determining whether a temporary restraining order is appropriate, *see Coalition for Homeless & Serv. Emps. Int'l Union v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006), the Court finds that emergency injunctive relief ordering the U.S. Marshals to bring the children into Petitioner's custody is needed. To ensure the TRO will not cause substantial harm to the children and the public interest will be served, the Court will appoint a guardian ad litem for the children.

For the reasons above and for those stated on the record, the Court orders the following:

The Court appoints MIRIAM Z. WOLOCK as guardian ad litem for the children, DANIELA LIZETH JIMENÉZ PONCE and ANA VIOLETA JIMENÉZ PONCE.

It is ORDERED that the U.S. Marshals Service take physical custody of the children and place them into temporary custody of the Petitioner.

It is further ORDERED that Petitioner cooperate with the U.S. Marshals Service, including being present when the Marshals Service secures custody of the children, so as to facilitate immediate transfer of custody of the children from the Marshals Service to Petitioner.

It is ORDERED that the U.S. Marshals Service is authorized to use such reasonable force as is necessary to enter any residence or structure in which the Marshals Service reasonably believes the children to be located, and to use such reasonable force as is necessary to secure custody of the children.

It is ORDERED that once Petitioner has temporary custody of the children, guardian ad litem MIRIAM Z. WOLOCK will perform an initial interview of the children, DANIELA LIZETH JIMENÉZ PONCE and ANA VIOLETA JIMENÉZ PONCE, to determine whether any harm, physical, mental, or otherwise, will result. The Court AUTHORIZES Miriam Z. Wolock to obtain any educational or medical records needed to inform her evaluation.

It is ORDERED that Petitioner remain within the Eastern District of Michigan along with his children until the final resolution of this case.

It is ORDERED that MIRIAM Z. WOLOCK appear at the preliminary injunction hearing scheduled for November 7, 2019 at 2:00pm to present her findings to the Court.

It is ORDERED that Petitioner and Respondent share the costs of the guardian ad litem. If the guardian ad litem is unable to collect Respondent's share of the fees, Petitioner will be responsible for one-hundred percent of the fee but does not waive any rights to recoverable costs under the Hague Convention or ICARA.

Petitioner is AUTHORIZED to subpoena Respondent's employer, Yanfeng Automotive Interiors, to appear at the Court's November 7, 2019 hearing at 2:00pm to testify as to Respondent's location.

It is ORDERED that the U.S. Marshal serve a copy through personal service of this order upon Respondent without payment of the usual costs for such service.

Everything contained in this order is in addition to, not in lieu of, the Court's November 4, 2019 Amended Opinion and Order. (ECF No. 6.)

IT IS SO ORDERED.

Dated: November 6, 2019        s/Judith E. Levy
Ann Arbor, Michigan          JUDITH E. LEVY

United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 6, 2019.

<u>s/William Barkholz</u>
WILLIAM BARKHOLZ
Case Manager